

12-05-2011

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)
## ONE TO FOUR FAMILY RESIDENTIAL CONTRACT (RESALE)
NOTICE: Not For Use For Condominium Transactions

1. **PARTIES:** The parties to this contract are _____Charlene C. Koonce, LR_____ (Seller) and _____Dennis Matthew Bratton, Brian Paul Maynor_____ (Buyer). Seller agrees to sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined below.

2. **PROPERTY:**
   A. LAND: Lot __see *SP__ Block _____, __Bluewater Tawakoni Sec 1__ Addition, City of __East Tawakoni__, County of __Rains__, Texas, known as __220 Bluewater Dr.__ __75472__ (address/zip code), or as described on attached exhibit.
   B. IMPROVEMENTS: The house, garage and all other fixtures and improvements attached to the above-described real property, including without limitation, the following permanently installed and built-in items, if any: all equipment and appliances, valances, screens, shutters, awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans, mail boxes, television antennas and satellite dish system and equipment, mounts and brackets for televisions and speakers, heating and air-conditioning units, security and fire detection equipment, wiring, plumbing and lighting fixtures, chandeliers, water softener system, kitchen equipment, garage door openers, cleaning equipment, shrubbery, landscaping, outdoor cooking equipment, and all other property owned by Seller and attached to the above described real property.
   C. ACCESSORIES: The following described related accessories, if any: window air conditioning units, stove, fireplace screens, curtains and rods, blinds, window shades, draperies and rods, door keys, mailbox keys, above ground pool, swimming pool equipment and maintenance accessories, artificial fireplace logs, and controls for: (i) satellite dish systems, (ii) garage doors, (iii) entry gates, and (iv) other improvements and accessories.
   D. EXCLUSIONS: The following improvements and accessories will be retained by Seller and must be removed prior to delivery of possession: __none__

   The land, improvements and accessories are collectively referred to as the "Property".

3. **SALES PRICE:**
   A. Cash portion of Sales Price payable by Buyer at closing ............ $ __23,000.00__
   B. Sum of all financing described below (excluding any loan funding fee or mortgage insurance premium) ............................. $ __92,000.00__
   C. Sales Price (Sum of A and B) ....................................... $ __115,000.00__

4. **FINANCING:** The portion of Sales Price not payable in cash will be paid as follows: (Check applicable boxes below)
   ☒ A. THIRD PARTY FINANCING: One or more third party mortgage loans in the total amount of $ __92,000.00__ (excluding any loan funding fee or mortgage insurance premium).
       (1) Property Approval: If the Property does not satisfy the lenders' underwriting requirements for the loan(s), (including, but not limited to appraisal, insurability and lender required repairs), Buyer may terminate this contract by giving notice to Seller prior to closing and the earnest money will be refunded to Buyer.
       (2) Credit Approval: (Check one box only)
           ☐ (a) This contract is subject to Buyer being approved for the financing described in the attached Third Party Financing Addendum for Credit Approval.
           ☐ (b) This contract is not subject to Buyer being approved for financing and does not involve FHA or VA financing.
   ☐ B. ASSUMPTION: The assumption of the unpaid principal balance of one or more promissory notes described in the attached TREC Loan Assumption Addendum.
   ☐ C. SELLER FINANCING: A promissory note from Buyer to Seller of $ _____, secured by vendor's and deed of trust liens, and containing the terms and conditions described in the attached TREC Seller Financing Addendum. If an owner policy of title insurance is furnished, Buyer shall furnish Seller with a mortgagee policy of title insurance.

TAR 1601   Initialed for identification by Buyer __mb__ __BM__ and Seller __CCK__   TREC NO. 20-11

Century 21 Upchurch Real Estate P.O. Box 1706 Quinlan, TX 75474   Phone: 903.356.3116   Fax:
Gene Upchurch   Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

EXHIBIT A

Contract Concerning __220 Bluewater Dr.,___
__East Tawakoni, TX  75472_____ Page 2 of 9  12-05-2011
(Address of Property)

**5. EARNEST MONEY:** Upon execution of this contract by all parties, Buyer shall deposit $__500.00__ as earnest money with __Rains County Abstract__, as escrow agent, at __1 Planters, Emory, TX, 75440__ (address). Buyer shall deposit additional earnest money of $ __none__ with escrow agent within ____ days after the effective date of this contract. If Buyer fails to deposit the earnest money as required by this contract, Buyer will be in default.

**6. TITLE POLICY AND SURVEY:**
A. TITLE POLICY: Seller shall furnish to Buyer at ☒ Seller's ☐ Buyer's expense an owner policy of title insurance (Title Policy) issued by __Rains County Abstract__ (Title Company) in the amount of the Sales Price, dated at or after closing, insuring Buyer against loss under the provisions of the Title Policy, subject to the promulgated exclusions (including existing building and zoning ordinances) and the following exceptions:
  (1) Restrictive covenants common to the platted subdivision in which the Property is located.
  (2) The standard printed exception for standby fees, taxes and assessments.
  (3) Liens created as part of the financing described in Paragraph 4.
  (4) Utility easements created by the dedication deed or plat of the subdivision in which the Property is located.
  (5) Reservations or exceptions otherwise permitted by this contract or as may be approved by Buyer in writing.
  (6) The standard printed exception as to marital rights.
  (7) The standard printed exception as to waters, tidelands, beaches, streams, and related matters.
  (8) The standard printed exception as to discrepancies, conflicts, shortages in area or boundary lines, encroachments or protrusions, or overlapping improvements. Buyer, at Buyer's expense, may have the exception amended to read, "shortages in area".
B. COMMITMENT: Within 20 days after the Title Company receives a copy of this contract, Seller shall furnish to Buyer a commitment for title insurance (Commitment) and, at Buyer's expense, legible copies of restrictive covenants and documents evidencing exceptions in the Commitment (Exception Documents) other than the standard printed exceptions. Seller authorizes the Title Company to deliver the Commitment and Exception Documents to Buyer at Buyer's address shown in Paragraph 21. If the Commitment and Exception Documents are not delivered to Buyer within the specified time, the time for delivery will be automatically extended up to 15 days or the Closing Date, whichever is earlier. If, due to factors beyond Seller's control, the Commitment and Exception Documents are not delivered within the time required, Buyer may terminate this contract and the earnest money will be refunded to Buyer.
C. SURVEY: The survey must be made by a registered professional land surveyor acceptable to the Title Company and Buyer's lender(s). (Check one box only)
  ☐ (1) Within _____ days after the effective date of this contract, Seller shall furnish to Buyer and Title Company Seller's existing survey of the Property and a Residential Real Property Affidavit promulgated by the Texas Department of Insurance (T-47 Affidavit). If Seller fails to furnish the existing survey or affidavit within the time prescribed, Buyer shall obtain a new survey at Seller's expense no later than 3 days prior to Closing Date. If the existing survey or affidavit is not acceptable to Title Company or Buyer's lender(s), Buyer shall obtain a new survey at ☐ Seller's ☐ Buyer's expense no later than 3 days prior to Closing Date.
  ☒ (2) Within __25__ days after the effective date of this contract, Buyer shall obtain a new survey at Buyer's expense. Buyer is deemed to receive the survey on the date of actual receipt or the date specified in this paragraph, whichever is earlier.
  ☐ (3) Within _____ days after the effective date of this contract, Seller, at Seller's expense shall furnish a new survey to Buyer.
D. OBJECTIONS: Buyer may object in writing to defects, exceptions, or encumbrances to title: disclosed on the survey other than items 6A(1) through (7) above; disclosed in the Commitment other than items 6A(1) through (8) above; or which prohibit the following use or activity: __single family residence__.

Buyer must object the earlier of (i) the Closing Date or (ii) __3__ days after Buyer receives the Commitment, Exception Documents, and the survey. Buyer's failure to object within the time allowed will constitute a waiver of Buyer's right to object; except that the requirements in Schedule C of the Commitment are not waived by Buyer. Provided Seller is not obligated to incur any expense, Seller shall cure the timely objections of Buyer or any third party

TAR 1601   Initialed for identification by Buyer ____ ____ and Seller ____   TREC NO. 20-11
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com   Bratton, Matt

| Contract Concerning | 220 Bluewater Dr., East Tawakoni, TX 75472 | Page 3 of 9 12-05-2011 |
|---|---|---|
| | (Address of Property) | |

lender within 15 days after Seller receives the objections and the Closing Date will be extended as necessary. If objections are not cured within such 15 day period, this contract will terminate and the earnest money will be refunded to Buyer unless Buyer waives the objections.

E. TITLE NOTICES:
  (1) ABSTRACT OR TITLE POLICY: Broker advises Buyer to have an abstract of title covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a Title Policy. If a Title Policy is furnished, the Commitment should be promptly reviewed by an attorney of Buyer's choice due to the time limitations on Buyer's right to object.
  (2) MEMBERSHIP IN PROPERTY OWNERS ASSOCIATION(S): The Property ☐ is ☒ is not subject to mandatory membership in a property owners association(s). If the Property is subject to mandatory membership in a property owners association(s), Seller notifies Buyer under §5.012, Texas Property Code, that, as a purchaser of property in the residential community identified in Paragraph 2A in which the Property is located, you are obligated to be a member of the property owners association(s). Restrictive covenants governing the use and occupancy of the Property and all dedicatory instruments governing the establishment, maintenance, and operation of this residential community have been or will be recorded in the Real Property Records of the county in which the Property is located. Copies of the restrictive covenants and dedicatory instrument may be obtained from the county clerk. You are obligated to pay assessments to the property owners association(s). The amount of the assessments is subject to change. Your failure to pay the assessments could result in enforcement of the association's lien on and the foreclosure of the Property.
  Section 207.003, Property Code, entitles an owner to receive copies of any document that governs the establishment, maintenance, or operation of a subdivision, including, but not limited to, restrictions, bylaws, rules and regulations, and a resale certificate from a property owners' association. A resale certificate contains information including, but not limited to, statements specifying the amount and frequency of regular assessments and the style and cause number of lawsuits to which the property owners' association is a party, other than lawsuits relating to unpaid ad valorem taxes of an individual member of the association. These documents must be made available to you by the property owners' association or the association's agent on your request.
  If Buyer is concerned about these matters, the TREC promulgated Addendum for Property Subject to Mandatory Membership in a Property Owners Association(s) should be used.
  (3) STATUTORY TAX DISTRICTS: If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.
  (4) TIDE WATERS: If the Property abuts the tidally influenced waters of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included in the contract. An addendum containing the notice promulgated by TREC or required by the parties must be used.
  (5) ANNEXATION: If the Property is located outside the limits of a municipality, Seller notifies Buyer under §5.011, Texas Property Code, that the Property may now or later be included in the extraterritorial jurisdiction of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and extraterritorial jurisdiction. To determine if the Property is located within a municipality's extraterritorial jurisdiction or is likely to be located within a municipality's extraterritorial jurisdiction, contact all municipalities located in the general proximity of the Property for further information.
  (6) PROPERTY LOCATED IN A CERTIFICATED SERVICE AREA OF A UTILITY SERVICE PROVIDER: Notice required by §13.257, Water Code: The real property, described in Paragraph 2, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to

TAR 1601   Initialed for identification by Buyer _bwd_ _BM_ and Seller _CMc_   TREC NO. 20-11

Produced with zipForm© by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com   Bratton, Matt

Contract Concerning _220 Bluewater Dr. East Tawakoni, TX 75472_ Page 4 of 9 12-05-2011
(Address of Property)

determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned Buyer hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in Paragraph 2 or at closing of purchase of the real property.

(7) PUBLIC IMPROVEMENT DISTRICTS: If the Property is in a public improvement district, §5.014, Property Code, requires Seller to notify Buyer as follows: As a purchaser of this parcel of real property you are obligated to pay an assessment to a municipality or county for an improvement project undertaken by a public improvement district under Chapter 372, Local Government Code. The assessment may be due annually or in periodic installments. More information concerning the amount of the assessment and the due dates of that assessment may be obtained from the municipality or county levying the assessment. The amount of the assessments is subject to change. Your failure to pay the assessments could result in a lien on and the foreclosure of your property.

(8) TRANSFER FEES: If the Property is subject to a private transfer fee obligation, §5.205, Property Code, requires Seller to notify Buyer as follows: The private transfer fee obligation may be governed by Chapter 5, Subchapter G of the Texas Property Code.

7. **PROPERTY CONDITION:**
   A. ACCESS, INSPECTIONS AND UTILITIES: Seller shall permit Buyer and Buyer's agents access to the Property at reasonable times. Buyer may have the Property inspected by inspectors selected by Buyer and licensed by TREC or otherwise permitted by law to make inspections. Seller at Seller's expense shall immediately cause existing utilities to be turned on and shall keep the utilities on during the time this contract is in effect.
   B. SELLER'S DISCLOSURE NOTICE PURSUANT TO §5.008, TEXAS PROPERTY CODE (Notice): (Check one box only)
      ☐ (1) Buyer has received the Notice.
      ☐ (2) Buyer has not received the Notice. Within _____ days after the effective date of this contract, Seller shall deliver the Notice to Buyer. If Buyer does not receive the Notice, Buyer may terminate this contract at any time prior to the closing and the earnest money will be refunded to Buyer. If Seller delivers the Notice, Buyer may terminate this contract for any reason within 7 days after Buyer receives the Notice or prior to the closing, whichever first occurs, and the earnest money will be refunded to Buyer.
      ☒ (3) The Seller is not required to furnish the notice under the Texas Property Code.
   C. SELLER'S DISCLOSURE OF LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS is required by Federal law for a residential dwelling constructed prior to 1978.
   D. ACCEPTANCE OF PROPERTY CONDITION: (Check one box only)
      ☒ (1) Buyer accepts the Property in its present condition.
      ☐ (2) Buyer accepts the Property in its present condition provided Seller, at Seller's expense, shall complete the following specific repairs and treatments: _none_____. (Do not insert general phrases, such as "subject to inspections" that do not identify specific repairs.)
      NOTICE TO BUYER AND SELLER: Buyer's agreement to accept the Property in its present condition under Paragraph 7D(1) or (2) does not preclude Buyer from inspecting the Property under Paragraph 7A, from negotiating repairs or treatments in a subsequent amendment, or from terminating this contract during the Option Period, if any.
   E. LENDER REQUIRED REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, neither party is obligated to pay for lender required repairs, which includes treatment for wood destroying insects. If the parties do not agree to pay for the lender required repairs or treatments, this contract will terminate and the earnest money will be refunded to Buyer. If the cost of lender required repairs and treatments exceeds 5% of the Sales Price, Buyer may terminate this contract and the earnest money will be refunded to Buyer.
   F. COMPLETION OF REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, Seller shall complete all agreed repairs and treatments prior to the Closing Date. All required permits must be obtained, and repairs and treatments must be performed by persons who are licensed or otherwise authorized by law to provide such repairs or treatments. At Buyer's election, any transferable warranties received by Seller with respect to the repairs and treatments will be transferred to Buyer at Buyer's expense. If Seller fails to complete any agreed repairs and treatments prior to the Closing Date, Buyer may exercise remedies under Paragraph 15 or extend the Closing Date up to 15 days if necessary for Seller to complete the repairs and treatments.

TAR 1601    Initialed for Identification by Buyer _____ _____ and Seller _____    TREC NO. 20-11

Bratton, Matt

Contract Concerning __220 Bluewater Dr.___
__East Tawakoni, TX  75472__ Page 5 of 9 12-05-2011
(Address of Property)

G. **ENVIRONMENTAL MATTERS:** Buyer is advised that the presence of wetlands, toxic substances, including asbestos and wastes or other environmental hazards, or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. If Buyer is concerned about these matters, an addendum promulgated by TREC or required by the parties should be used.

H. **RESIDENTIAL SERVICE CONTRACTS:** Buyer may purchase a residential service contract from a residential service company licensed by TREC. If Buyer purchases a residential service contract, Seller shall reimburse Buyer at closing for the cost of the residential service contract in an amount not exceeding $ __none__. Buyer should review any residential service contract for the scope of coverage, exclusions and limitations. The purchase of a residential service contract is optional. Similar coverage may be purchased from various companies authorized to do business in Texas.

8. **BROKERS' FEES:** All obligations of the parties for payment of brokers' fees are contained in separate written agreements.

9. **CLOSING:**
  A. The closing of the sale will be on or before __06/28/2012See SP**__, or within 7 days after objections made under Paragraph 6D have been cured or waived, whichever date is later (Closing Date). If either party fails to close the sale by the Closing Date, the non-defaulting party may exercise the remedies contained in Paragraph 15.
  B. At closing:
   (1) Seller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and showing no additional exceptions to those permitted in Paragraph 6 and furnish tax statements or certificates showing no delinquent taxes on the Property.
   (2) Buyer shall pay the Sales Price in good funds acceptable to the escrow agent.
   (3) Seller and Buyer shall execute and deliver any notices, statements, certificates, affidavits, releases, loan documents and other documents reasonably required for the closing of the sale and the issuance of the Title Policy.
   (4) There will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing the payment of any loans assumed by Buyer and assumed loans will not be in default.
   (5) If the Property is subject to a lease, Seller shall (i) deliver to Buyer the lease(s) and the move-in condition form signed by the tenant, if any, and (ii) transfer security deposits (as defined under §92.102, Property Code), if any, to Buyer. In such an event, Buyer shall deliver to the tenant a signed statement acknowledging that the Buyer has received the security deposit and is responsible for the return of the security deposit, and specifying the exact dollar amount of the security deposit.

10. **POSSESSION:** Seller shall deliver to Buyer possession of the Property in its present or required condition, ordinary wear and tear excepted: ☒ upon closing and funding ☐ according to a temporary residential lease form promulgated by TREC or other written lease required by the parties. Any possession by Buyer prior to closing or by Seller after closing which is not authorized by a written lease will establish a tenancy at sufferance relationship between the parties. Consult your insurance agent prior to change of ownership and possession because insurance coverage may be limited or terminated. The absence of a written lease or appropriate insurance coverage may expose the parties to economic loss.

11. **SPECIAL PROVISIONS:** (Insert only factual statements and business details applicable to the sale. TREC rules prohibit licensees from adding factual statements or business details for which a contract addendum, lease or other form has been promulgated by TREC for mandatory use.) property being sold as is, where is.This offer is good until 5:00, Thursday, May 31th, 2012
\* To include Lots 1- 26, 66, and 86a of Blue Water Tawakoni Sec 1
\*\*or as stated below:

The sale of this property is contingent upon the United States District Court for the Eastern District of Texas (the "Receivership Court") entering an order approving this contract and the terms of sale (the "Approval Order"). The closing of the sale shall occur within 5 days after the Receivership Court enters the Approval Order or June 28, 2012, whichever is later. In the unlikely event that the sale is not approved, Buyers shall be entitled to return of their earnest money.

(TAR 1601)   Initialed for Identification by Buyer __MB__ __BM__ and Seller __CW__   TREC NO. 20-11

Contract Concerning 220 Bluewater Dr., East Tawakoni, TX 75472
(Address of Property)
Page 6 of 9 12-05-2011

**12. SETTLEMENT AND OTHER EXPENSES:**
A. The following expenses must be paid at or prior to closing:
(1) Expenses payable by Seller (Seller's Expenses):
(a) Releases of existing liens, including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses payable by Seller under this contract.
(b) Seller shall also pay an amount not to exceed $ 5,000 to be applied in the following order: Buyer's Expenses which Buyer is prohibited from paying by FHA, VA, Texas Veterans Land Board or other governmental loan programs, and then to other Buyer's Expenses as allowed by the lender.
(2) Expenses payable by Buyer (Buyer's Expenses): Appraisal fees; loan application fees; adjusted origination charges; credit reports; preparation of loan documents; interest on the notes from date of disbursement to one month prior to dates of first monthly payments; recording fees; copies of easements and restrictions; loan title policy with endorsements required by lender; loan-related inspection fees; photos; amortization schedules; one-half of escrow fee; all prepaid items, including required premiums for flood and hazard insurance, reserve deposits for insurance, ad valorem taxes and special governmental assessments; final compliance inspection; courier fee; repair inspection; underwriting fee; wire transfer fee; expenses incident to any loan; Private Mortgage Insurance Premium (PMI), VA Loan Funding Fee, or FHA Mortgage Insurance Premium (MIP) as required by the lender; and other expenses payable by Buyer under this contract.
B. If any expense exceeds an amount expressly stated in this contract for such expense to be paid by a party, that party may terminate this contract unless the other party agrees to pay such excess. Buyer may not pay charges and fees expressly prohibited by FHA, VA, Texas Veterans Land Board or other governmental loan program regulations.

**13. PRORATIONS:** Taxes for the current year, interest, maintenance fees, assessments, dues and rents will be prorated through the Closing Date. The tax proration may be calculated taking into consideration any change in exemptions that will affect the current year's taxes. If taxes for the current year vary from the amount prorated at closing, the parties shall adjust the prorations when tax statements for the current year are available. If taxes are not paid at or prior to closing, Buyer shall pay taxes for the current year.

**14. CASUALTY LOSS:** If any part of the Property is damaged or destroyed by fire or other casualty after the effective date of this contract, Seller shall restore the Property to its previous condition as soon as reasonably possible, but in any event by the Closing Date. If Seller fails to do so due to factors beyond Seller's control, Buyer may (a) terminate this contract and the earnest money will be refunded to Buyer (b) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (c) accept the Property in its damaged condition with an assignment of insurance proceeds and receive credit from Seller at closing in the amount of the deductible under the insurance policy. Seller's obligations under this paragraph are independent of any other obligations of Seller under this contract.

**15. DEFAULT:** If Buyer fails to comply with this contract, Buyer will be in default, and Seller may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract. If Seller fails to comply with this contract, Seller will be in default and Buyer may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract.

**16. MEDIATION:** It is the policy of the State of Texas to encourage resolution of disputes through alternative dispute resolution procedures such as mediation. Any dispute between Seller and Buyer related to this contract which is not resolved through informal discussion ☐ will ☒ will not be submitted to a mutually acceptable mediation service or provider. The parties to the mediation shall bear the mediation costs equally. This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

TAR 1601 Initialed for identification by Buyer ___, ___ and Seller ___ TREC NO. 20-11

Contract Concerning 220 Bluewater Dr.
Eagt. Tawakoni, TX 75472   Page 7 of 9 12-05-2011
(Address of Property)

**17. ATTORNEY'S FEES:** A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

**18. ESCROW:**
A. ESCROW: The escrow agent is not (i) a party to this contract and does not have liability for the performance or nonperformance of any party to this contract; (ii) liable for interest on the earnest money and (iii) liable for the loss of any earnest money caused by the failure of any financial institution in which the earnest money has been deposited unless the financial institution is acting as escrow agent.
B. EXPENSES: At closing, the earnest money must be applied first to any cash down payment, then to Buyer's Expenses and any excess refunded to Buyer. If no closing occurs, escrow agent may: (i) require a written release of liability of the escrow agent from all parties, (ii) require payment of unpaid expenses incurred on behalf of a party, and (iii) only deduct from the earnest money the amount of unpaid expenses incurred on behalf of the party receiving the earnest money.
C. DEMAND: Upon termination of this contract, either party or the escrow agent may send a release of earnest money to each party and the parties shall execute counterparts of the release and deliver same to the escrow agent. If either party fails to execute the release, either party may make a written demand to the escrow agent for the earnest money. If only one party makes written demand for the earnest money, escrow agent shall promptly provide a copy of the demand to the other party. If escrow agent does not receive written objection to the demand from the other party within 15 days, escrow agent may disburse the earnest money to the party making demand reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and escrow agent may pay the same to the creditors. If escrow agent complies with the provisions of this paragraph, each party hereby releases escrow agent from all adverse claims related to the disbursal of the earnest money.
D. DAMAGES: Any party who wrongfully fails or refuses to sign a release acceptable to the escrow agent within 7 days of receipt of the request will be liable to the other party for liquidated damages in an amount equal to the sum of: (i) three times the amount of the earnest money; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.
E. NOTICES: Escrow agent's notices will be effective when sent in compliance with Paragraph 21. Notice of objection to the demand will be deemed effective upon receipt by escrow agent.

**19. REPRESENTATIONS:** All covenants, representations and warranties in this contract survive closing. If any representation of Seller in this contract is untrue on the Closing Date, Seller will be in default. Unless expressly prohibited by written agreement, Seller may continue to show the Property and receive, negotiate and accept back up offers.

**20. FEDERAL TAX REQUIREMENTS:** If Seller is a "foreign person," as defined by applicable law, or if Seller fails to deliver an affidavit to Buyer that Seller is not a "foreign person," then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. Internal Revenue Service regulations require filing written reports if currency in excess of specified amounts is received in the transaction.

**21. NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by facsimile or electronic transmission as follows:

To Buyer at: Dennis M. Bratton
2325 Misty Trail Lane
Flower Mound, TX, 75028

To Seller at: Charlene Koonce
500 N. Akard, Suite 2700
Dallas, TX 75201

Telephone: (817) 781-5169
Facsimile: (903) 356-4208
E-mail: mbratton@jllpartners.com

Telephone: 214 706-4215
Facsimile: 214 706 4242
E-mail: Charlene.Koonce@solidcounsel.com

TAR 1601   Initialed for Identification by Buyer ___ ___ and Seller ___   TREC NO. 20-11
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com   Bratton, Matt

Contract Concerning _____220 Bluewater Dr.,_____
_____East Tawakoni, TX 75472_____ Page 8 of 9 12-05-2011
(Address of Property)

**22. AGREEMENT OF PARTIES:** This contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda which are a part of this contract are (Check all applicable boxes):

- [x] Third Party Financing Addendum for Credit Approval
- [ ] Seller Financing Addendum
- [ ] Addendum for Property Subject to Mandatory Membership in a Property Owners Association
- [ ] Buyer's Temporary Residential Lease
- [ ] Loan Assumption Addendum
- [ ] Addendum for Sale of Other Property by Buyer
- [ ] Addendum for Reservation of Oil, Gas and Other Minerals

- [ ] Addendum for "Back-Up" Contract
- [ ] Addendum for Coastal Area Property
- [ ] Environmental Assessment, Threatened or Endangered Species and Wetlands Addendum
- [ ] Seller's Temporary Residential Lease
- [ ] Short Sale Addendum
- [ ] Addendum for Property Located Seaward of the Gulf Intracoastal Waterway
- [ ] Addendum for Seller's Disclosure of Information on Lead-based Paint and Lead-based Paint Hazards as Required by Federal Law

- [ ] Other (list): _____

**23. TERMINATION OPTION:** For nominal consideration, the receipt of which is hereby acknowledged by Seller, and Buyer's agreement to pay Seller $_____ (Option Fee) within 2 days after the effective date of this contract, Seller grants Buyer the unrestricted right to terminate this contract by giving notice of termination to Seller within ___10___ days after the effective date of this contract (Option Period). If no dollar amount is stated as the Option Fee or if Buyer fails to pay the Option Fee to Seller within the time prescribed, this paragraph will not be a part of this contract and Buyer shall not have the unrestricted right to terminate this contract. If Buyer gives notice of termination within the time prescribed, the Option Fee will not be refunded; however, any earnest money will be refunded to Buyer. The Option Fee [ ] will [ ] will not be credited to the Sales Price at closing. Time is of the essence for this paragraph and strict compliance with the time for performance is required.

**24. CONSULT AN ATTORNEY:** TREC rules prohibit real estate licensees from giving legal advice. READ THIS CONTRACT CAREFULLY. If you do not understand the effect of this contract, consult an attorney BEFORE signing.

Buyer's Attorney is: _____  Seller's Attorney is: _____

Telephone: _____  Telephone: _____

Facsimile: _____  Facsimile: _____

E-mail: _____  E-mail: _____

EXECUTED the _25_ day of _May_ _2012_ (EFFECTIVE DATE).
(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)

Buyer _Dennis Matthew Bratton_   Seller _Charlene C. Koonce, IR_

Buyer _Brian Paul Haynes_    Seller

The form of this contract has been approved by the Texas Real Estate Commission. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000 (http://www.trec.texas.gov) TREC NO. 20-11. This form replaces TREC NO. 20-10.

TAR 1601    TREC NO. 20-11
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.ziplogix.com    Bratton, Matt

| | |
|---|---|
| Contract Concerning | 220 Bluewater Dr., East Tawakoni, TX 75472    Page 9 of 9   12-05-2011 |
| | (Address of Property) |

## BROKER INFORMATION

| Other Broker Firm _____ License No. | Century 21 Upchurch R. E.    0296751 |
|---|---|
| | Listing Broker Firm    License No. |
| represents   ☐ Buyer only as Buyer's agent | represents   ☒ Seller and Buyer as an intermediary |
|           ☐ Seller as Listing Broker's subagent |           ☒ Seller only as Seller's agent |
| Licensed Supervisor of Associate   Telephone | Gena Upchurch    (903) 356-3116 |
| | Licensed Supervisor of Associate   Telephone |
| Associate   Telephone | Carol Solomon    (903) 356-3116 |
| | Listing Associate   Telephone |
| Other Broker's Address   Facsimile | 8756 Hwy. 34 S.    (903) 356-4208 |
| | Listing Broker's Office Address   Facsimile |
| City   State   Zip | Quinlan    Tex    75474 |
| | City   State   Zip |
| Associate Email Address | Carol.Solomon@Century21.com |
| | Listing Associate's Email Address |
| | Carol Solomon    (903) 356-3116 |
| | Selling Associate   Telephone |
| | 8756 Hwy. 34 S.    (903) 356-4208 |
| | Selling Associate's Office Address   Facsimile |
| | Quinlan    TX    75474 |
| | City   State   Zip |
| | Carol.Solomon@Century21.com |
| | Selling Associate's Email Address |

Listing Broker has agreed to pay Other Broker _____ of the total sales price when the Listing Broker's fee is received. Escrow Agent is authorized and directed to pay other Broker from Listing Broker's fee at closing.

## OPTION FEE RECEIPT

Receipt of $ _____ (Option Fee) in the form of _____ is acknowledged.

Seller or Listing Broker _____    Date _____

## CONTRACT AND EARNEST MONEY RECEIPT

Receipt of ☐ Contract and ☐ $ _____ Earnest Money in the form of _____ is acknowledged.

Escrow Agent: _____    Date: _____

By: _____    Email Address _____

Address _____    Telephone: _____

City _____ State _____ Zip _____    Facsimile: _____

TAR 1601                                             TREC NO. 20-11

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com    Bratton, Matt



12-05-2011

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)

## THIRD PARTY FINANCING ADDENDUM FOR CREDIT APPROVAL

TO CONTRACT CONCERNING THE PROPERTY AT

__220 Bluewater Dr._____ __East Tawakoni__
(Street Address and City)

Buyer shall apply promptly for all financing described below and make every reasonable effort to obtain credit approval for the financing (Credit Approval). Buyer shall furnish all information and documents required by lender for Credit Approval. Credit Approval will be deemed to have been obtained when (1) the terms of the loan(s) described below are available and (2) lender determines that Buyer has satisfied all of lender's requirements related to Buyer's assets, income and credit history. If Buyer cannot obtain Credit Approval, Buyer may give written notice to Seller within __30__ days after the effective date of this contract and this contract will terminate and the earnest money will be refunded to Buyer. If Buyer does not give such notice within the time required, this contract will no longer be subject to Credit Approval. Time is of the essence for this paragraph and strict compliance with the time for performance is required.

NOTE: *Credit Approval does not include approval of lender's underwriting requirements for the Property, as specified in Paragraph 4.A.(1) of the contract.*

Each note must be secured by vendor's and deed of trust liens.

**CHECK APPLICABLE BOXES:**

☐ A. CONVENTIONAL FINANCING:
  ☐ (1) A first mortgage loan in the principal amount of $ __92,000.00__ (excluding any financed PMI premium), due in full in __30__ year(s), with interest not to exceed __3.950__ % per annum for the first __30__ year(s) of the loan with Adjusted Origination Charges as shown on Buyer's Good Faith Estimate for the loan not to exceed __1.000__ % of the loan.
  ☐ (2) A second mortgage loan in the principal amount of $ _____ (excluding any financed PMI premium), due in full in _____ year(s), with interest not to exceed _____ % per annum for the first _____ year(s) of the loan with Adjusted Origination Charges as shown on Buyer's Good Faith Estimate for the loan not to exceed _____ % of the loan.

☐ B. TEXAS VETERANS LOAN: A loan(s) from the Texas Veterans Land Board of $ _____ for a period in the total amount of _____ years at the interest rate established by the Texas Veterans Land Board.

☐ C. FHA INSURED FINANCING: A Section _____ FHA insured loan of not less than $ _____ (excluding any financed MIP), amortizable monthly for not less than _____ years, with interest not to exceed _____ % per annum for the first _____ year(s) of the loan with Adjusted Origination Charges as shown on Buyer's Good Faith Estimate for the loan not to exceed _____ % of the loan. As required by HUD-FHA, if FHA valuation is unknown, *"It is expressly agreed that, notwithstanding any other provision of this contract, the purchaser (Buyer) shall not be obligated to complete the purchase of the Property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the purchaser (Buyer) has been given in accordance with HUD/FHA or VA requirements a written statement issued by the Federal Housing Commissioner, Department of Veterans Affairs, or a Direct Endorsement Lender setting forth the appraised value of the Property of not less than $ _____. The purchaser (Buyer) shall have the privilege and option of proceeding with consummation of the contract without regard to the amount of the*

Initialed for identification by Buyer __MB__ __BM__ and Seller _____  TREC NO. 40-5

Century 21 Upchurch Real Estate P.O. Box 1706 Quinlan, TX 75474
Phone: 903.356.3116    Fax:    Gena Upchurch    Bratton, Matt
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

Third Party Financing Condition Addendum Concerning

Page 2 of 2   12-05-2011

<u>220 Bluewater Dr. , East Tawakoni, TX 75472</u>
(Address of Property)

*appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value or the condition of the Property. The purchaser (Buyer) should satisfy himself/herself that the price and the condition of the Property are acceptable."*

☐ D. VA GUARANTEED FINANCING: A VA guaranteed loan of not less than $ _____ (excluding any financed Funding Fee), amortizable monthly for not less than _____ years, with interest not to exceed _____ % per annum for the first _____ year(s) of the loan with Adjusted Origination Charges as shown on Buyer's Good Faith Estimate for the loan not to exceed _____ % of the loan.

VA NOTICE TO BUYER: "It is expressly agreed that, notwithstanding any other provisions of this contract, the Buyer shall not incur any penalty by forfeiture of earnest money or otherwise or be obligated to complete the purchase of the Property described herein, if the contract purchase price or cost exceeds the reasonable value of the Property established by the Department of Veterans Affairs. The Buyer shall, however, have the privilege and option of proceeding with the consummation of this contract without regard to the amount of the reasonable value established by the Department of Veterans Affairs."

If Buyer elects to complete the purchase at an amount in excess of the reasonable value established by VA, Buyer shall pay such excess amount in cash from a source which Buyer agrees to disclose to the VA and which Buyer represents will not be from borrowed funds except as approved by VA. If VA reasonable value of the Property is less than the Sales Price, Seller may reduce the Sales Price to an amount equal to the VA reasonable value and the sale will be closed at the lower Sales Price with proportionate adjustments to the down payment and the loan amount.

Buyer hereby authorizes any lender to furnish to the Seller or Buyer or their representatives information relating only to the status of Credit Approval of Buyer.

_____ 5/25/12
Buyer Dennis Matthew Bratton

_____ 5/25/12
Seller Charlene C. Koonce, LR, Receiver
5/25/12

_____ 5/25/12
Buyer Brian Paul Maynor

_____
Seller

This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms. Such approval relates to this form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000 (http://www.trec.texas.gov) TREC No. 40-5. This form replaces TREC No. 40-4.

TREC NO. 40-5